Good morning. May it please the Court, my name is Kari Hong and I represent Petitioner Reynaldo Carrillo. In the state of California, a person may violate the chop shop statute known as the California Vehicle Code 10-801 with the owner's consent and without depriving the owner of any ownership rights. Mr. Carrillo's chop shop violation accordingly criminalizes conduct that lacks two of the three essential elements that define the generic definition of a federal theft offense. Is your theory here that the consent that the deluded owner gives is effective consent and therefore that takes it out of outright theft cases where it's clear that the purloining of the car in this case is done with the intent to deprive the owner? Because that's a problem I'm having with your theory. In law, it's larceny, theft, whatever you want to call it, if the intent, however carried out, is to deprive the owner of the permanent use of the property. And there's no doubt that when you get somebody's car and you chop it into little pieces and you obliterate the VIN numbers, you are intending to permanently deprive the owner of the use of his vehicle. I would contend that the Mondegiano Real case, which was a case issued by the court in 2008, I cited it in a Rule 28J letter that I filed with the court yesterday, is directly on point. That involved an Oregon State identity theft statute. And in essence, the chop shop statute is an identity theft of the VIN number, the vehicle identity number. Well, it's more than that. In an identity theft case, you're stealing somebody's name and, say, social security number and birth date in order to use it to further some scheme to obtain money or property. Here, the VIN number is attached to the property. And we're not using the VIN number. We're using the car. We're using the engine block. We're using the wheels, whatever it is they chopped the car into. Well, I would contend in the face of the statute, 250, it prescribes conduct beyond just what you described with the chop shop. It also prescribes altering, counterfeiting, disguising, falsifying, forging, removing the identity of the VIN number for the purpose of misrepresenting the identity. That is conduct that contemplates not only that part done with the owner's consent, but at their direction to further a larger fraudulent scheme against a third party, such as an insurer or such as a prospective owner, to add value to the car. But why do we need to go that far? If all we're looking at here is I'll call them the principal victim. If the principal victim has lost his car and it's now been chopped up, modified, altered, erased, whatever they do to it so that he's never going to get it back, why isn't that akin to plain old theft, which is an aggravated felony? If that's all the statute criminalized, that would be the case. But the statute is broader than that. The victim could be an insurance company. The victim could be the person that the owner of the car intends to sell the car to. That the statute is broader than pure theft, than pure simply of the chop shop stealing the car without the owner's knowledge. It includes conduct. Why do we care about the subsequent victims? If the crime is completed when the vehicle is obtained and then chopped up, at that point the crime is complete. And do we really need to look at the fact that there might be other people who are going to be victimized down the road by being sold parts that are untraceable? We do because the criminal Sanchez provides that there's three elements of the theft offense. You know, the taking, which isn't in dispute, but it has to be done without the owner's consent and also with the criminal intent to deprive the ownership of benefits. I would contend that just as a state offense that takes away a social security number, there are situations whereby the chop shop individual can take away the VIN number, falsify it, counterfeit it, alter it for the purpose of committing fraud against a third party. That's a new crime. You're trying to argue that it's broader, but the crime is complete once the car is obtained and taken to the chop shop and broken up into little pieces. Let me ask a question here. Can you give me an example of how a vehicle could be obtained by a chop shop with the owner's consent? The owner would drive the car to the chop shop and could actually be part of would be wanting to defraud his insurance company and say, can you remove the VIN number for me? The owner directed the chop shop to take on the criminal act, and the owner did this for the purpose of committing a grander scheme of fraud. That is why the state of California criminalizes not property just obtained by theft, but by fraud and conspiracy to defraud, which would be that situation. What case can you cite to us where there was an actual prosecution for that hypothetical? Well, in that hypothetical, the closest I have is Stroman, which involves property obtained by fraud. Stroman? Stroman, S-T-R-O-H-M-A-N, which is a court of appeal decision. It's published. And in that case, the Attorney General of California argued, and the court of appeal held, that in that situation, property was obtained by fraud. So this was receipt of stolen property, right? The facts weren't clear, but it actually wasn't receipt of stolen property, because in that situation, the defendant argued that double jeopardy had occurred because he was convicted both of receipt of stolen property and the chop shop. Let me ask you this. I understand your answer to Judge Nelson's question is, well, the owner himself may be in on the deal, and he's absolutely consenting to go to the chop shop, because he's going to make a claim against his insurance company claiming that it's been stolen. Meanwhile, he gets money from the chop shop for whatever value he's providing to them. Okay, I understand that one. I've got a different question, and that is, within the generic definition of theft, does that generic definition of theft include all forms of taking property by fraud, by fraud as California defines fraud? I would say it does not, simply because. Example. Well, in the Stroman case, the property there was obtained by fraud. The state of California, Corona Sanchez, said that the theft statute, 484, is actually broader than the federal theft offense statute. So there is conduct whereby when property is obtained by fraud or conspiracy due to fraud, that that falls outside. Let me ask you this. Pardon? Yes. Yes, Your Honor. Yes, but I'm following along on Judge Nelson's follow-up question, and that is to say what is fraud by false or obtaining ownership by false pretenses, or that kind of fraud in California? How is that defined? Well, if theft is a taking without the owner's consent, fraud is a taking with the owner's consent, albeit under false pretenses. Right. An example of such false pretenses might be? Well, when you drive your car. I mean, back to Judge Tolman's situation, if you drive your car to the chop shop and you just ask for the radiator to be replaced and then it turns out that they altered the VIN or they took parts without you being aware of it, that would be a situation where fraud could be taken. Would it be fraud under California law if I say, listen, I want to buy your car and here's a cashier's check for $5,000. The guy gives me his pink slip. I now drive the car away, but it turns out that the cashier's check I gave was forged. Is that fraud? I would submit that it is. But I got it by consent. Right. Because you thought my check was good. Correct. And is that theft within the generic definition under federal law? Not under federal law, which is why Corona Sanchez said that the theft offense 44, the California falls out because of the false pretense. So if somebody comes up to a guy and says, I want to buy your car, here's my cashier's check, gives him a forged cashier's check for $5,000, takes the car, drives it to the chop shop because he's in cahoots with the car shop, that violates the chop shop act? Yes. But it was a fraudulent obtaining of the property by false pretenses rather than by theft? That's your argument? Yes. Okay. Yes. But I think the stronger argument is the situation where the owner is in on the scheme, which is why. And why is that a stronger argument? Because there's no question that the owner's consent was freely given and knowingly given. And that takes it out of the second element of the federal theft offense. I got it. Okay. You have 11 seconds. Do you want to save them? May I reserve time? Okay. Sure. Good morning. Again, may it please the Court, Gladys Stephens-Guzman, on behalf of the Attorney General. Your Honors, the petition for review, I believe, should be denied because in Randhawa v. Ashcroft,  analyzed the statute that, although it didn't deal with chop shops and it was a federal statute, it did deal with stealing and fraud and deception, much like the statute in question today. And it decided that this statute was categorically a theft offense. Therefore, it qualified under the generic definition for a theft offense, and it proved to be an aggravated felony. Now, I'm sorry. Go ahead, Justice Nelson. Yes, Your Honor. Let me interrupt. I'm sorry. Isn't it possible for the owner of a chop shop to acquire a car with the owner's consent for a theft offense? The way I read the statute, no. The statute, the way it's billed, the way it was created, the statute was created to try to get rid of the whole organized crime component of chop shops. That's the way the California legislator analyzed the creation of this statute. Therefore, in order for an owner of a chop shop to obtain a car through fraud, it would have to be through a tainted consent, thereby making the consent non-effective. Therefore, he is effectively obtaining the car without a true consent. You say a true consent. What case supports your argument? Well, Your Honor, I think traditionally speaking, I don't have case law for you right now, but I think traditionally speaking, when you don't have valid consent, in all forms of contract law, for example, if you don't have valid consent, it invalidates whatever contracts you've entered into. All right. Thank you. If you have a question, please go ahead. Okay. Well, I'll follow on with Judge Nelson's question. I think generic theft defense says, among other elements, without consent. Yes. Does it distinguish among types of dissent? No, it doesn't. Excuse me, types of consent. No, it doesn't. But you're trying to do that. The fact that it doesn't make an expressed distinction doesn't mean that it takes away invalid consent. Well, no, but it says taking property without consent. And it doesn't say taking property without valid consent. It says taking property without consent. The way you would read the statute, it said that all fraud, all fraudulent mechanisms by obtaining property are theft offenses within the generic meaning of theft. Isn't that where your position takes us? Yes. I think that most frauds, I think that the quality, at the end of the day, when you obtain somebody's property through fraud, you're still obtaining that property, you're still depriving that person of the benefits of the property, of ownership.  But that's not the question. The question is whether or not it's a generic theft offense. I believe it is, Your Honor. And your belief is based on that case law that interprets the federal generic theft offense that says that fraud is included within theft offense? I have Randhawa v. Ashcroft. That's the stolen mail case? The stolen mail case, Your Honor. Obviously, that mail was not obtained through fraud on my record. But it analyzed a statute that included fraud within the statute. Its statute contained stealing mail through, acquiring that mail through, via stealing or fraud or deceit. And this Court held that that first paragraph, which included fraud, was categorically, met categorically the definition of theft. Can you put me into the language of the mail fraud, of the stolen mail statute that supports that? I've got the opinion here in front of me. I'm looking for it right now. I have the case with me, Your Honor. The statute, which is 18 U.S.C. 1708, reads, whoever steals, takes, or abstracts. I'm sorry. I've got the opinion in front of me. I'm sorry to make you. I think you said it. But I want to read the opinion. Where are you in the opinion? I am in page 1153. 1153. Okay. Okay. And what are you relying on there? It is the paragraph that begins Randhawa's conviction under 18 U.S.C. section 1708. Facially qualifies as a conviction for a theft offense. And then it has the indented paragraph citing to the statute. And it cites the statute that says, whoever steals, takes, or abstracts, or by fraud or deception obtains. And then farther down, after it finishes citing to the statute, it says, clearly the first two paragraphs of 1708 are no more broad under phase than our settled definition of a theft offense. Okay. I got it. Okay. And if we're having a problem with the chop-chop statute, including conspiracy to defraud the United States Supreme Court definition in Dueñas Alvarez, takes care of that as well. Help me out with your Dueñas Alvarez argument. I understand. I know the case. But spin that argument out for me, please. Because the chop-chop statute as well, which is part of Petitioner's opening brief, also includes the obtainment of motor vehicles or vehicle parts illegally obtained through theft, fraud, or conspiracy to defraud. Right. So we have theft. Randhawa takes care of fraud. So what do we have left? Conspiracy to defraud. Dueñas Alvarez, the Supreme Court's case, established that aiders, abettors, and conspirators, I'm sorry, excuse me, fall within the generic definition as well as the principal actors. How do you deal with your adversary's argument or hypothetical that someone owns the car and is defrauding the insurance company? So he brings his car in, gives it to the chop-shop, makes a claim against the insurance company that I have just had my car stolen, but, in fact, it wasn't stolen at all. He just handed it over to the chop-shop. That takes – Does that come within generic theft? That would be an issue of intent. That argument – Whose intent? Of the intent to deprive the rightful owner of the – Without consent of the owner. This hypothetical, the owner knows exactly what's going on. Exactly. He's handing it over with his consent, saying, please chop this up. I'm making a claim against my insurance company for $5,000, so I'm going to get some money out of this, and, therefore, if you just give me $2,000, I'm very happy. But that example is very skewed, because by the same time – Very what? I'm sorry. Very limited in its conception, because if you look at it, it's still depriving the insurance company of its money. The insurance company is not the owner. It's the – It's the insurance company. It's not the owner of the car, but – It's the – It's not the owner of the car, but it's – It's the insurance company. That's what it is. It's the insurance company. You're defrauding a third party that has nothing to do with the car. Well, except that it's the insurance company. Now, I expected you to make a Duenas-Alvarez argument to say, yeah, but we don't have any evidence of prosecution for that behavior. I'm sorry, Your Honor. I couldn't hear you. I expected you to make a Duenas-Alvarez argument saying, well, we don't have any evidence that California prosecutes for that behavior under the CHOP-CHOP Act. Do you want to make that argument? Not under – Sure, why not? Under the CHOP-CHOP statute right now, of course, we don't have that. First of all, this is a new argument that she's bringing forth under the briefing. She never brought that example. This is a new argument that's being presented. We don't – Yeah, would you help me out with the Duenas-Alvarez? I was getting to that, Your Honor. Under the CHOP-CHOP statute, we don't have any subsections that would allow the California prosecutors to charge the owner of the car to prosecute him with – Under Duenas-Alvarez, as an aider and a better and a conspirator, he would also be – I am at complete loss. He would also be – fall within the generic definition of a theft offense, Your Honor. Okay. So the theory would be that he participated in a conspiracy to defraud – To defraud the insurance company. Your Honor, under Duenas – under the generic theft definition of a theft offense, as qualified by this circuit's definition in Randagua and the Supreme Court's Duenas-Alvarez opinion, this case is of easy disposition. I mean, it's foreclosed already by those cases. And under those cases, the CHOP-CHOP – Well, it's foreclosed under those cases, maybe, except for the example of the insurance fraud. Which we've already decided that under Duenas-Alvarez – well, discussed that under Duenas-Alvarez. I understand Duenas-Alvarez. It says that you have to have something other than just a flight of fancy or an exercise of extreme logic. Yes. If it's a realistic possibility that there would be a prosecution for this, then the Duenas-Alvarez argument fails. And under the CHOP-CHOP statutes, like we mentioned before, there is no basis to believe that the California state would prosecute the owner for having taken the car to the CHOP-CHOP. Oh, I don't think that's right at all. If we knew that the CHOP-CHOP operator was in cahoots with a bunch of people who bought cars fairly inexpensively or even expensively, insured them, made claims against the insurance company for them having been stolen, hands them over to the CHOP-CHOP like that, that the CHOP-CHOP would not be prosecuted? The CHOP-CHOP would be the owner of the car, not the CHOP. Well, if the owner of the car is the CHOP-CHOP, of course he would. But the example that we were talking about would be like, if I were the owner and I took it to the CHOP-CHOP, not being the owner of the CHOP-CHOP. But the way this sort of thing would operate, I mean, I don't want to get too deeply into insurance fraud, would be that this is not a one-time-off deal. Yeah, absolutely. The owner of the CHOP-CHOP will know exactly who these guys are that are defrauding the insurance company. It's part of a scam. Yeah, like I said, the creation of this statute comes from the attempt of the legislator to get rid of these organized crimes. Okay, gotcha. Thank you very much. Thank you, Your Honors. I'm sorry, I apologize for having taken you over again. It's okay. If I could address the Duane Alvarez concern. In the Mondigiano case, the wording of the statute was sufficient to meet the realistic probability test. No case had to be cited. Likewise, the wording of this statute, the purpose is in order to misrepresent the identity of the motor vehicle. That's different from your proposition, Judge Tallman, that actually the crime is the misrepresentation. It's the altering, disguising, forging, counterfeiting, which is akin to the hypothetical where the insurance fraud takes place. Since we're talking about purpose here, does it matter that the legislative history behind the congressional definition of aggravated felonies in Section 1101 included an attempt to address organized immigration crime? And why wouldn't operating a chop shop fall neatly within the congressional purpose here? Well, I think it would fall in clearly with Subsection M, which is the fraud statute. I mean, the Congress makes clear between theft and fraud. And for a crime to be an aggravated felony, it has to be fraud if it can be shown that fraud existed and that there was more than $10,000 worth of value that was received. So you would concede if the car was worth more than $10,000, and your hypothetical owner was engaged in a scheme to defraud the insurance company, that he could be tagged as an aggravated felon? Absolutely, absolutely. But what it's telling us is that the government never charged that, the immigration judge never found it, and in part because the record is completely absent. It's missing the plea agreement. It's missing the transcript of the plea. So we have no idea. Except that we know that he was charged with operating a chop shop under the vehicle code. Right, but there were no allegations of fact. It was simply a recitation of the statute. And he was indicted with four conspirators, with four co-defendants, which suggests that this is a larger fraudulent scheme and not a matter of simple theft. And fraud is, of course, also a crime of moral turpitude under the federal statute. Yes, and he would have issues with that. That would be a deportability ground, but he is eligible for cancellation or removal. The BIA has already found it and kicked it back to the immigration judge once to have him apply for cancellation or removal. Although I have to say that if we send this back on this ground to I.J. Davis, it's pretty clear you're cooked. Well, I've already indicated that he's going to deny it. Well, I found out actually on Friday that the judge has been transferred to Denver. So as a practical matter, if it does go back, it would go to a different judge who could consider his cancellation or removal. Okay. Thank you very much. Okay. Thank you. Appreciate your argument from both sides. The case of Carrillo-Jaime is now submitted for decision.
judges: Nelson, Fletcher, Tallman